UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES,

       Plaintiff,

v.                                          **ORDER**
                                        Civil File No. 07-1187 (MJD/RLE)

MICHAEL PATRON, et al.,

       Defendants.
_____

Michael R. Pahl, U.S. Department of Justice, Counsel for Plaintiff.

Bruce N. Crawford, Huffman, Usem, Saboe, Crawford & Greenberg, Counsel for Defendants Michael Patron and Jule Patron.
_____

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment against Michael and Jule Patron and for Default Judgment against the Minnesota Department of Revenue, the Minnesota Department of Economic Security, A.R. Audit Services, Inc., Collection Specialists International, Inc., and Otter Tail County.  [Docket No. 31]  The Court heard oral argument on March 7,

2008.

## II.   FACTUAL BACKGROUND

On February 16, 2007, the Government filed a Complaint against Michael Patron, Jule Patron, the Minnesota Department of Revenue, the Minnesota Department of Economic Security, A.R. Audit Services, Inc., Collection Specialists International, Inc., and Otter Tail County.  The Complaint seeks judgment against Michael and Jule Patron for unpaid federal taxes, a determination that the federal tax liens attach to all of their property, and a decree that the federal tax liens be foreclosed.

The Minnesota Department of Revenue, the Minnesota Department of Economic Security, A.R. Audit Services, Inc., Collection Specialists International, Inc., and Otter Tail County all returned waivers of service, but then failed to file answers or otherwise appear.  On May 30, 2007, the Clerk's Office entered default against those parties.  [Docket No. 19]

The United States now moves for summary judgment to foreclose the federal tax liens encumbering the Patrons' residence in Otter Tail County, to collect the Patrons' joint federal tax liability, and to collect Michael Patron's individual federal tax liability.  It also moves for default judgment against the

Minnesota Department of Revenue, the Minnesota Department of Economic Security, A.R. Audit Services, Inc., Collection Specialists International, Inc., and Otter Tail County.

## III.   DISCUSSION

### A.   Motion for Default Judgment

In this case, it is undisputed that the Government served all Defendants and that none of the Defendants, other than Michael and Jule Patron, answered the Complaint. The Government moved for, and the Clerk's Office entered, default against those other Defendants. More that nine months have now passed since entry of default and these Defendants have not answered or otherwise asserted an interest in the subject property; therefore the Court enters default judgment against them.

### B.   Motion for Summary Judgment

The Government asks that the Court reduce the federal tax assessments against Michael Patron individually and Michael and Jule Patron jointly be reduced to judgment and that the Court order the sale of their real property.

#### 1.   Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most

favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion."  Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

### 2. Judgment for Amounts Owed

Here, the Government presents competent evidence of the taxes assessed against Michael Patron totaling $155,105.68.  This amount is accurate and Defendants do not contest the amount.  The Government provides evidence of the taxes assessed against Michael Patron and Jule Patron jointly totaling $8,209.77.  This amount is accurate and Defendants do not contest the amount.

Therefore, the Court grants the Government's motion to reduce the amount owed to judgment in the amount of $8,209.77 against Michael Patron and Jule Patron jointly and in the amount of $155,105.68 against Michael Patron individually.

### 3. Foreclosure

The Government asks that the Court order foreclosure of the liens and sale of the property with the sales proceeds distributed in the following order: 1) to Otter Tail County for unpaid real property taxes; 2) to the IRS for administrative costs of the sale of the Property; 3) to the United States Department of Justice to be applied to Michael Patron's federal tax liability; 4) to the United States Department of Justice to be applied to Michael and Jule Patron's joint federal tax liability; and 5) any remaining sale proceeds to Michael Patron.

### a. Legal Framework

The Internal Revenue Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. The lien "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

In this case, it is undisputed that the Government has filed federal tax liens

against Michael Patron's property in Otter Tail County.

Under 26 U.S.C. § 7403(c),

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"[T]he limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." United States v. Rodgers, 461 U.S. 677, 711 (1983).

"Section 7403 of the Internal Revenue Code authorizes a federal district court to order a sale of property in which a delinquent taxpayer has an interest in order to satisfy that taxpayer's debt.  A district court may do so even though an innocent third party also has an interest in the property, so long as the third party receives compensation." United States v. Bierbrauer, 936 F.2d 373, 374 (8th Cir. 1991) (citations omitted).  The Government discusses the equitable factors that Court may consider when considering a sale of "property held jointly by a

6

delinquent taxpayer and a non-liable third party." Id. at 376.  However, in this case Jule Patron is not on the title of the property and she is not a non-liable third party because she, herself, has a federal tax lien.  Thus, the Bierbrauer factors do not appear to apply.  See, e.g., United States v. Vong, Civil No. 05-2997 (PAM/JSM), 2007 WL 1229341, at *3 n.2 (D. Minn. Apr. 26, 2007) (unpublished) ("The United States suggests that the Court should analyze whether a judicial sale of the personal residence is appropriate under United States v. Bierbrauer. However, Bierbrauer involved property owned jointly by a delinquent taxpayer and his innocent spouse.  Here, Ms. Vong is not an innocent third-party, and thus, Bierbrauer is not applicable.) (citing Bierbrauer, 936 F.2d 373, 375 (8th Cir. 1991)).

　　Nonetheless, the Government addresses the four equitable factors: 1) "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" 2) "whether the third party has a legally recognized expectation (leaving aside the § 7403 proceeding) that the third party's separate property would not be subject to a forced sale by the delinquent taxpayer or that person's creditors;" 3) "the possibility of undercompensation to the third party,

as well as the extent of personal dislocation costs;" and 4) a comparison of "the character and value of the interests in the property [such as] [w]hether or not a third party has a possessory interest." Bierbrauer, 936 F.2d at 375. These factors all weigh in favor of ordering the foreclosure sale.

### b.     Sale of a Partial Interest

There is no partial interest. Michael Patron's interest in the property cannot be sold separately because he owns the entire property. Without a forced sale, the Government would be unable to satisfy the tax lien.

### c.     Third Party's Legally Recognized Expectation

Because Michael and Jule Patron are jointly liable for a tax period at issue, there are no non-liable third parties with a reasonable expectation that the property will not be sold.

### d.     Undercompensation and Dislocation Costs to Third Party

This factor does not apply because there are no non-liable third parties involved. Additionally, practical undercompensation is not a factor because Jule Patron is not on the title and has no compensable interest in the subject real property.

### e.   Comparison of Interests

The fourth factor addresses whether "a forced sale would net the government only a fraction of the value of the property," thus creating "little reason to allow the sale." Id. at 375 (citation omitted).  This factor weighs in favor of a sale because the Government is likely to be paid in full through the disclosure.

Defendants Michael and Jule Patron assert that the Court should not order foreclosure on Michael Patron's property because it would cause a significant hardship.  Although foreclosing on the property would cause hardship to the Patrons, all of the Bierbrauer factors weigh in favor of foreclosure.  Additionally, Jule Patron, who owes the least money to the IRS, still does have a tax lien and is not an owner of the property.  The Patrons do not dispute the accuracy of the tax liens and a sale of the Property would likely collect more but not substantially more, than they owe to the IRS.  The Court concludes that a sale would not be inequitable and grants the Government's request, but will give the Patrons 120 days to vacate the premises.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1. For good cause shown, the United States' Motion for Summary Judgment and for Default Judgment [Docket No. 31] is **GRANTED**.

2. Judgment is entered in favor of the United States and against Michael Patron for the tax and tax periods set forth below, plus interest and statutory additions according to law from January 7, 2008, until judgment is paid:

| Tax | Tax Period Ending | Unpaid Assessed Balance | Amount Owed as of 01/07/2008 |
|---|---|---|---|
| Form 941 | 03/31/98 | $ 318.52 | $1,746.65 |
| Form 941 | 06/30/98 | $4,106.21 | $8,090.01 |
| Form 941 | 09/30/98 | $4,362.19 | $8,679.48 |
| Form 941 | 12/31/98 | $ 333.45 | $ 605.10 |
| Form 941 | 03/31/99 | $1,727.55 | $3,343.98 |
| Form 941 | 06/30/99 | $2,720.48 | $5,316.33 |
| Form 941 | 09/30/99 | $4,412.85 | $6,517.87 |
| Form 941 | 12/31/99 | $2,664.80 | $5,018.06 |
| Form 941 | 03/31/00 | $2,976.85 | $5,431.76 |
| Form 941 | 06/30/00 | $3,849.20 | $5,807.79 |
| Form 941 | 09/30/00 | $6,264.00 | $9,525.55 |
| Form 941 | 12/31/00 | $4,162.14 | $6,330.45 |

| Tax | Tax Period Ending | Unpaid Assessed Balance | Amount Owed as of 01/07/2008 |
| --- | --- | --- | --- |
| Form 941 | 03/31/01 | $2,630.14 | $4,030.57 |
| Form 941 | 06/30/01 | $2,453.10 | $3,828.27 |
| Form 941 | 09/30/01 | $4,053.16 | $6,319.32 |
| Form 941 | 12/31/01 | $3,217.68 | $5,118.77 |
| Form 941 | 03/31/02 | $1,265.94 | $1,935.37 |
| Form 941 | 06/30/02 | $2,858.00 | $4,454.34 |
| Form 941 | 12/31/02 | $2,127.34 | $3,078.22 |
| Form 940 | 12/31/96 | $2,717.03 | $4,800.60 |
| Form 940 | 12/31/97 | $ 1,852.42 | $3,362.12 |
| Form 940 | 12/31/98 | $ 1,465.81 | $2,953.97 |
| Form 940 | 12/31/00 | $ 300.73 | $ 443.79 |
| Form 940 | 12/31/02 | $ 193.01 | $ 272.46 |
| Form 1040 | 1995 | $ 3,183.67 | $6,365.38 |
| Form 1040 | 1996 | $10,450.45 | $21,121.45 |
| Form 1040 | 1997 | $ 6,102.92 | $12,925.08 |
| Form 1040 | 1998 | $ 5,659.83 | $ 7,682.94 |

**Total: $155,105.68**

3. Judgment is entered in favor of the United States and against Michael and Jule Patron for federal income taxes, interest, and statutory additions to tax

for penalties assessed for the 2000 tax year in the amount of  $8,209.77, plus interest and statutory additions according to law from August 27, 2007, until judgment is paid.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 28, 2008                              s / Michael J. Davis
                                                                          Judge Michael J. Davis
                                                                          UNITED STATES DISTRICT COURT