IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES,            )<br>                           )<br>            Plaintiff,     )<br>                           )<br>v.                         )<br>                           )<br>MICHAEL PATRON, et al.,    )<br>            Defendants.    ) | Civil No.  07-1187 MJD/LIB<br><br>**STIPULATED<br>AMENDED<br>ORDER OF SALE** |

Upon stipulation of the parties, under 28 U.S.C. §§ 2001 and 2002, the Court enters this Amended Order of Sale directing the sale of certain real property, described below, owned by Michael Patron in Otter Tail County, Minnesota.

IT IS ORDERED that the Patrons shall offer for sale to the U.S. Fish and Wildlife Service that part of the below described property that the Patrons have designated as the "non-Homestead 107.68 acre parcel" [See Docket 48, ¶¶ 4-5]. This property is located at 650 W. Centennial 84 Drive, New York Mills, Minnesota, is titled in the name of Michael Patron, and has the following legal description:

> The West Half of the Northwest Quarter of the Northwest Quarter (W ½ of NW 1/4 of NE 1/4) of Section 7, Township 135, Range 37, EXCEPT (I) that part of the said West Half of the Northwest Quarter of the Northeast Quarter (W ½ of NW 1/4 or NE 1/4), described as follows: Beginning at a right of way boundary corner designated 815 on State Highway Right of Way Plat No. 56-16, according to the recorded plat thereof; thence North 89 degrees 26' 36" West on an assumed bearing along the south line of said plat, a distance of 55.34 feet; thence South 0 degrees 43' 24" West a distance of 965.00 fee; thence South 89 degrees 16' 36" East a distance of 175 feet to the west line of the township road; thence North 0 degrees 43' 24" East along said west line, a distance of 865.51 feet to a right of way boundary corner designated on said plat as 814; thence North 49 degrees 29' 19" West a distance of 155.72 feet to the point of the beginning; and (ii) that part of said West Half of the Northwest Quarter of the

Northeast Corner (W ½ of NW 1/4 of NE 1/4), described as follows: Commencing at a right of way boundary corner designated 815 on State Highway Right of Way Plat No. 56-16, according to the recorded plat thereof; thence North 89 degrees 26' 36" West on an assumed bearing along the sough line of said plat, a distance of 55.34 feet to the point of beginning of the land to be described; hence South 0 degrees 43' 24" West a distance of 242.50 feet; thence North 89 degrees 26' 36" West a distance of 450.00 feet; thence North 0 degrees 43' 24" East a distance of 242.50 feet to said south line of State Highway Right of Way Plat No. 56-16; then South 89 degrees 26' 36" East along said south line, a distance of 450.00 feet to the point of beginning;

The North Half of the Northwest Quarter (N ½ of NW 1/4); the Southeast Quarter of the Northwest Quarter (SE 1/4 of NW 1/4); and the east 20 acres of the Southwest Quarter of the Northwest Quarter (SW 1/4 of NW 1/4); all in Section 7, Township 135, Range 37; but excluding from the above described land all that part thereof included in (I) the railroad right of way of Burlington Northern, Inc., (ii), the right of ways of the township road, county highway and state trunk highway abutting thereon.

IT IS ORDERED that upon the sale of the non-Homestead 107.68 acre parcel, all interests in, liens against, or claims to the non-Homestead 107.68 acre parcel that are held or asserted by all parties to this action are discharged and extinguished.

IT IS FURTHER ORDERED that the Patrons shall deposit all proceeds from the sale of the non-Homestead 107.68 acre parcel with the Clerk of Court within 5 days of the sale.

IT IS FURTHER ORDERED that if the proceeds from the sale of the non-Homestead 107.68 acre parcel fail to fully satisfy the federal tax liabilities and other costs to the United States incurred with respect to the sale of the Property, then

IT IS ORDERED that the Patrons shall have 60 days from the sale of the non-Homestead 107.68 acre parcel to fully pay or enter into an agreement with the United States that provides for the full payment of the federal tax liabilities, and other costs to the United States incurred with respect to the sale of the Property.

IT IS FURTHER ORDERED that if the Patrons fail to fully pay or enter into an agreement with the United States that provides for the full payment of the federal tax liabilities and other costs to the United States incurred with respect to the sale of the Property within the time provided, then

IT IS ORDERED that the Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers) is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the remaining 13.94 acre parcel, the Homestead, of the Property described above [See Docket48, ¶ 2].

IT IS FURTHER ORDERED that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

IT IS FURTHER ORDERED that this sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

IT IS FURTHER ORDERED that the IRS is entitled to recover its reasonable costs for preparing the property for public auction on September 22, 2009, and these costs, if

approved by the Court, will be a lien on and recoverable from any sale of the Patrons' property.

IT IS FURTHER ORDERED that the Homestead, described above, shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

1. The IRS is authorized and directed under 28 U.S.C. § 2001, 2002 and 2004 to offer for public sale and to sell the Property subject to approval of the Court.

2. The IRS is authorized to have free access to the Homestead until the deed to the Homestead is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

   a. the sale of the Homestead shall be free and clear of the interests of Michael and Jule Patron;

   b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Homestead, and easements and restrictions of record, if any;

   c. the sale shall be held either at the federal courthouse of the judicial district in which the Homestead is located, at the office of the IRS or on the Homestead's premises;

   d. the date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the Homestead at such time as the IRS

shall determine is reasonable and convenient;

e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Otter Tail County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the Homestead and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid shall be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary;

g. the successful bidder(s) shall be required to deposit with the IRS $10,000 by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the Homestead being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this order of sale;

      h.      the balance of the sale price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty (30) days after the sale is confirmed by the Court;

      i.      if the bidder fails to pay the sales price in full, the Homestead shall be again offered for sale by the IRS without further permission of this Court, under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash; and

      j.      the sale of the Homestead shall be subject to the confirmation by this Court.  On confirmation of the sale, all interests in, liens against, or claims to the Homestead that are held or asserted by all parties to this action are discharged and extinguished.

      k.      the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.      Until the Homestead is sold, Michael and Jule Patron shall take all reasonable steps necessary to preserve the Homestead (including all buildings, improvements, fixtures and appurtenances on the Homestead) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property.  Michael and Jule Patron shall neither commit waste against the Homestead nor cause or permit anyone else to do so.  Michael and Jule Patron shall neither do anything that tends to reduce the value or marketability of the Homestead nor cause or permit anyone else to do so.  Michael and Jule Patron shall not record any instruments, publish

any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the Homestead or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

    5.    All persons currently occupying the Homestead shall leave and vacate the Homestead permanently within 60 days from the date of the sale of the non-Homestead 107.68 acre parcel, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Homestead).  If any person fails or refuses to leave and vacate the Homestead by the time specified in this Order, the IRS will coordinate with the United States Marshal for the District of Minnesota and his deputies to take all actions that are reasonably necessary to eject these persons.  If any person fails or refuses to remove his or her personal property from the Homestead by the time specified herein, the personal property remaining on the Homestead thereafter is deemed forfeited and abandoned, and the IRS will coordinate with the United States Marshal and his deputies to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

    The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

    1.    To Otter Tail County for any unpaid real property taxes assessed on the Homestead;

2. To the IRS for the administrative costs of the sale of the Homestead;

3. To the United States Department of Justice to be applied to Michael Patron's federal tax liability;

4. To the United States Department of Justice to be applied to Michael and Jule Patron's joint federal tax liability;

5. To Creditors Service Company to be applied to the judgment lien against Jule and Michael Patron which was filed on July 26, 2006;

6. To United Accounts Inc., to be applied to the judgment lien against Michael Patron which was filed on September 10, 2008; and

7. Any remaining sale proceeds to Michael Patron.

Dated: August 15, 2011

s/ Michael J. Davis
Chief Judge Michael J. Davis
UNITED STATES DISTRICT COURT